# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

UNITED STATES OF AMERICA )
)
v. ) 1:23-cr-82
) Collier/Lee
)
DANIEL LOCKRIDGE, )
PAUL SUGG, and )
ESHANNA REDDEN, )
    also known as Eshanna Daughtry )

## INDICTMENT

### COUNT ONE

The Grand Jury charges that from on or about October 1, 2022, to on or about January 5, 2023, in the Eastern District of Tennessee, the defendants, DANIEL LOCKRIDGE and PAUL SUGG, and others known and unknown to the Grand Jury, did combine, conspire, confederate and agree to knowingly and intentionally distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

### COUNT TWO

The Grand Jury further charges that from on or about October 1, 2022, to on or about January 5, 2023, in the Eastern District of Tennessee, the defendant, ESHANNA REDDEN, also known as Eshanna Daughtry, and others known and unknown to the Grand Jury, did combine, conspire, confederate and agree to knowingly and intentionally distribute methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

## COUNT THREE

The Grand Jury further charges that on or about October 10, 2022, in the Eastern District of Tennessee, the defendants, DANIEL LOCKRIDGE, PAUL SUGG, and ESHANNA REDDEN, also known as Eshanna Daughtry, aided and abetted by each other, did knowingly and intentionally possess with intent to distribute methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FOUR

The Grand Jury further charges that on or about January 8, 2021, in the Eastern District of Tennessee, the defendant, PAUL SUGG, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was shipped and transported in and affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FIVE

The Grand Jury further charges that on or about January 5, 2023, in the Eastern District of Tennessee, the defendant, DANIEL LOCKRIDGE, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, and the ammunition was shipped and transported in and affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section

853.

Upon conviction of an offense in violation of Title 18, United States Code, Section 922 as set forth in this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in the commission of the offense, including, but not limited to the following:

> Citadel, Ml91 1-Al-FS, 9x19mm, semi-automatic pistol and ammunition, and .22 caliber ammunition.

Upon conviction of an offense in violation of Title 21, United States Code, Sections 841 and/or 841, as set forth in this Indictment, the defendant, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense including, but not limited to, the following:

> Citadel, Ml91 1-Al-FS, 9x19mm, semi-automatic pistol and ammunition, and .22 caliber ammunition.

<u>Money Judgment:</u>

> A personal money judgment against each defendant and in favor of the United States, which represents proceeds each defendant personally obtained as a result of an offense in violation of Title 21, United States Code, Sections 841 and/or 846.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

FRANCIS M. HAMILTON III
United States Attorney

By: _____
Scott A. Winne
Assistant U.S. Attorney